IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTHONY LIONEL GIBSON, | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | 3:04-CV-2309-M |
| | § | |
| STATE OF TEXAS, et al., | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's Standing Order of Reference, entered March 28, 2005, seven pending motions to dismiss have been referred to the United States Magistrate Judge for report and recommendation.[1] Plaintiff Anthony Lionel Gibson ("Gibson") filed motions in opposition to the dismissal motions.[2] For the reasons stated below, this Court recommends that the Motions to Dismiss be granted. This Court also recommends that the District Court dismiss *sua sponte* Gibson's claims against the remaining defendants, as well as his pendant state law claims.

---

[1] The motions include the Motion of Defendant Katherine Drew ("Drew") to Dismiss Under FED. R. CIV. P. 12(b)(6), filed March 15, 2005; Motion of Defendant Josie Massar to Dismiss Under FED. R. CIV. P. 12(b)(6), filed March 15, 2005; Motion of the State of Texas to Dismiss, filed April 22, 2005; Motion of Putative Defendant Dallas County to Dismiss Under FED. R. CIV. P. 12(b)(4) and (6), filed April 22, 2005; Motion of Defendant Bill Long to Dismiss Under FED. R. CIV. P. 12(b)(6), filed April 22, 2005; Motion of Defendant Fred McDaniel to Dismiss Under FED. R. CIV. P. 12(b)(6), filed April 25, 2005; and Defendant Bruce Anton's Motion to Dismiss, filed July 8, 2005 (collectively the "Motions to Dismiss").

[2] The opposition motions (collectively the "Motions of Rebuttal") include the Motion of Rebuttal to Drew's Motion to Dismiss ("Pl.'s Rebuttal to Drew"), filed March 23, 2005; and the Motion of Rebuttal to Massar's Motion to Dismiss ("Pl.'s Rebuttal to Massar"), filed April 4, 2005.

**I.     Background[3]**

Drew was Gibson's court appointed attorney for his post conviction Application for Writ of Habeas Corpus. (Pl.'s Compl. at 9.) Gibson contends that Drew participated with the other defendants in this action in a conspiracy to deprive him of his constitutional rights, specifically, access to the court system, in violation of 42 U.S.C. § 1983. (*Id.*) Gibson alleges that Drew used intimidation to force him to drop his claims against the State of Texas and against Bruce Anton, his court appointed attorney for his criminal appeal. (Pl.'s Rebuttal to Drew at 2.) Gibson states that he refused to drop these claims and was thus forced to represent himself in those matters. (Pl.'s Compl. at 9.) Gibson makes various allegations against the other defendants, all involving his state court conviction or appeal. He seeks actual, compensatory, statutory, and future damages, declaratory and injunctive relief, as well as release for "unlawful custody and restraint." (*Id.* at 23.) Gibson was released from prison after he filed this action. (*Id.*) Gibson's conviction has not been overturned.

**II.    Analysis**

    **A.     Subject Matter Jurisdiction**

The moving defendants contend that the Court lacks subject matter jurisdiction over Gibson's claims. Gibson claims that he was wrongfully convicted and incarcerated. (Pl.'s Compl. at 2.) Such claims are limited by the Supreme Court's decision in *Heck v. Humphrey*,

---

[3] Gibson filed his Post Conviction Application for Writ of Habeas Corpus on January 8, 1996. In addition, Gibson filed a complaint very similar to the present one, and against many of the same defendants, on June 10, 1997. *Gibson v. Long, et al.*, No. 3:97-CV-1384-H (N.D. Tex. Mar. 2, 1998). That Complaint was dismissed as frivolous and for lack of subject matter jurisdiction. Although filed in 2004, Gibson's present Complaint is signed and dated December 3, 1998.

512 U.S. 477, 486-87 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.* Gibson's Complaint facially demonstrates that he was convicted and has not subsequently been exonerated; therefore the Court has no subject matter jurisdiction over his claims.

**B.    *Sua Sponte* Dismissal**

Four of the defendants, namely, unknown male bailiff Court No. 204, C. Leroy Johnson, Mark Nancarrow, and John Vance ("the non-moving defendants"), have not yet filed motions to dismiss. Nevertheless, pursuant to 28 U.S.C. § 1915A, "the court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court shall identify cognizable harms or dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted." Gibson was incarcerated at the time he filed his Complaint, and all of the named defendants are officers or employees of the government, or were acting as such at the time in question. Therefore this statute is applicable. In addition, a district court may *sua sponte* dismiss a § 1983 claim for failure to state a claim. *See Tyler v. Mmes. Pasqua & Toloso*, 748 F.2d 283 (5th Cir. 1984). Even though only seven of the eleven named defendants filed motions to dismiss, the Court thus has the power to *sua sponte* dismiss the claims against the non-moving defendants if they fail to state a claim. Plaintiff has failed to satisfy the *Heck v. Humphrey* requirements with respect to his claims against the non-moving defendants; therefore, the claims should be

3

dismissed.

The Court lacks subject matter jurisdiction over Gibson's § 1983 claims against all of the defendants because he has not satisfied the requirements of *Heck v. Humphrey*. Accordingly, the District Court should dismiss Gibson's § 1983 claims without prejudice. Because the Court lacks subject matter jurisdiction over Gibson's § 1983 claims, Gibson's pendant state law claims should be dismissed without prejudice as well.

### III.     Recommendation

For the reasons stated above, this Court recommends that the Motions to Dismiss of the moving defendants be granted. Further, Plaintiff's claims against the non-moving defendants should also be dismissed without prejudice. Additionally, Plaintiff's pendant state law claims should be dismissed without prejudice.

**SO RECOMMENDED**. July 29, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE